**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a BLACKBIRD TECHNOLOGIES, | |
|      Plaintiff, | Case No. _____ |
| v. | |
| DISCOVER FINANCIAL SERVICES, INC., | JURY TRIAL DEMANDED |
|      Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies") hereby alleges against Defendant Discover Financial Services, Inc. ("Discover"), on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

THE PARTIES

1.      Plaintiff Blackbird Technologies is a Delaware limited liability company with its principal place of business located at 200 Baker Ave., Ste. 303, Concord, MA 01742.

2.      Discover is a Delaware corporation with its principal place of business located at 2500 Lake Cook Road, Riverwoods, IL 60015.  Discover may be served with process at its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

4.      This Court has subject matter jurisdiction over this action per 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5.      This Court has personal jurisdiction over Discover at least because Discover is a citizen of the State of Delaware, being incorporated in the State of Delaware.  Discover transacts business in the State of Delaware, and also transacts business with citizens of the State of Delaware.  Discover maintains only one physical banking location, which is located in Delaware.  Discover also maintains an interactive website (discover.com) accessible to citizens of the State of Delaware.   Discover  has  previously  consented  to  personal  jurisdiction  in  the  State  of Delaware, including in patent infringement lawsuits, in the District of Delaware.  Discover has committed acts of patent infringement in the State of Delaware, as explained further below.

6.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1400(b) at least because Discover resides in the District of Delaware, being incorporated in the State of Delaware.  In addition, Discover commits acts of infringement in Delaware and has a regular and established place of business in the State.

<u>THE PATENTS-IN-SUIT</u>

7.      U.S.  Patent  No.  7,958,214  (the  "'214  patent")  entitled,  "Method  for  Secure Transactions Utilizing Physically Separated Computers," was duly and legally issued by the U.S. Patent  and  Trademark  Office  on  June  7,  2011.    Blackbird  Technologies  is  the  owner  by assignment of all right, title, and interest in and to the '214 patent, including all right to recover for  any  and  all  infringement  thereof.    The  '214  patent  is  valid  and  enforceable.    A  true  and correct copy of the '214 patent is attached as Exhibit A.

8.      U.S.  Patent  No.  8,285,832  (the  "'832  patent")  entitled,  "Method  for  Secure Transactions Utilizing Physically Separated Computers," was duly and legally issued by the U.S.

Patent and Trademark Office on October 9, 2012.  Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '832 patent, including all right to recover for any and all infringement thereof.  The '832 patent is valid and enforceable.  A true and correct copy of the '832 patent is attached as Exhibit B.

9.      U.S. Patent No. 9,424,848 (the "'848 patent") entitled, "Method for Secure Transactions Utilizing Physically Separated Computers," was duly and legally issued by the U.S. Patent and Trademark Office on August 23, 2016.  Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '848 patent, including all right to recover for any and all infringement thereof.  The '848 patent is valid and enforceable.  A true and correct copy of the '848 patent is attached as Exhibit C.

10.      The claims of the '214, '832, and '848 patents address authorization of a transaction apart from the transaction itself – a challenge particular to modern, advanced electronic network communications.  The claimed inventions solve a problem created in the Internet world (*i.e.*, identity theft and cybercrime), where network communications take place in a "closed loop" structure to ensure transaction integrity.  Prior to the claimed inventions, the authorization and approval of online transactions did not involve establishing or accessing a verification site, sending authorization communications from the verification site to holders of pre-existing identification information, such as credit card information, or transmitting approval communications by the holders of such information.  The claimed inventions improve security for networked transactions by introducing an unconventional technological solution (*e.g.*, a network architecture including a verification site used to verify the authenticity of transactions through a unique sequence of information-specific network communications).

COUNT I – INFRINGEMENT OF THE '214 PATENT

11.     Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

12.     Discover infringes one or more claims of the '214 patent, including at least claim 1, by performing a secure transaction method as part of its fraud alerts service.

13.     Discover "establish[es] an electronically accessible verification site authorized by the holder of a credit card," as claimed.

14.     Discover customers authorize text communication systems established by Discover.  Discover issues credit cards to its customers.  (*See* Exhibit D – Discover, "Credit Card Categories").  To receive and use a Discover credit card, and to use online services related to such credit cards, a customer must meet certain requirements established by Discover, including accepting a cardholder agreement, among other terms and conditions.  (*See, e.g.*, Exhibit E – Discover, "Discover it® Cash Back Application," and Exhibit F – Discover, "Manage Your Account with Email and Text Alerts").  According to at least one exemplary set of account terms and conditions established by Discover, "[y]ou agree Discover Bank, its affiliates, and agents ("Discover") may call you, including texts, about any current or future accounts or applications, with respect to all products you have with Discover at any phone number you provide."  (Exhibit E at 3).  In addition, Discover instructs its customers that, "[w]hile you are automatically enrolled in e-mail alerts for fraud and account updates, you can enable text alerts for these events as well."  (Exhibit F at 1).

15.     Discover owns and/or operates fraud detection and communication systems that identify potentially fraudulent transactions involving credit cards issued by Discover and that send email and text alerts to the holders of those credit cards.  For instance, according to

Discover, as part of its suspicious card activity alerts service, customers can receive and respond to alerts regarding suspicious activity on their Discover credit cards. (*See, e.g.*, Exhibit G – Discover, Credit Card Account Safety Information). Discover conditions customers' use of Discover credit cards, including their participation in the Discover suspicious card activity alerts service, upon the customer authorizing Discover to send the customer text alerts through Discover communication systems.

16.     Discover at least directs or controls merchants to "receiv[e] a request for goods or services by a merchant using the credit card, but wherein the card is not required to be physically presented to the merchant," as claimed.

17.     Discover customers use their Discover credit cards to purchase goods or services from online merchants, over an electronic communication link, without physically presenting the credit card to the merchant. In such transactions, a merchant receives an electronic request for goods or services from a customer, which is electronically forwarded to Discover as the bank that issued the credit card. If the transaction is authorized, Discover routes an electronic authorization response to the merchant. In order to accept credit cards issued by Discover and receive authorization responses from Discover, and ultimately to receive payment, merchants must receive requests for goods and services conforming to the standards for credit cards issued by Discover.

18.     Discover at least directs or controls merchants to "access[] the verification site by the merchant to determine whether the request for goods or services is an authorized transaction," as claimed.

19.     Upon receiving from a merchant an electronic request for goods or services paid for using a Discover credit card, Discover electronically accesses its fraud detection systems to

determine if the request is potentially fraudulent. For example, according to Discover, it provides "24/7 Fraud Protection, including monitoring of every purchase for every customer." (Exhibit H – Discover, Credit Card Security & Protection Benefits). Discover conditions its approval of a transaction upon the merchant forwarding the request for goods and services to Discover's fraud detection systems.

20. Discover "send[s] an electronic authorization communication by the verification site to the holder of the credit card, the message including information indicative of the transaction," as claimed.

21. If Discover's suspicious card activity systems determine a transaction is potentially fraudulent, Discover sends a text message to the customer through its communication systems, asking the customer to verify the purchase. For example, Discover sends a text message to a customer including information about the transaction so that the customer can identify the transaction and determine whether it is authorized. (*See* Ex. G, *see also* Exhibit I – Credit Card Fraud Prevention Information).

22. Discover at least directs or controls customers to "transmit[], by the holder of the credit card, an approval communication if the transaction is approved by the card holder," as claimed.

23. The customer responds to the text message from Discover by sending a responsive text message to Discover verifying or rejecting the transaction. (*See* Ex. G, Ex. I). Discover conditions its approval of a transaction on the customer sending a responsive approval communication.

## COUNT II – INFRINGEMENT OF THE '832 PATENT

24.     Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

25.     Discover infringes one or more claims of the '832 patent, including at least claim 1, by performing a secure transaction method as part of its suspicious card activity alerts service.

26.     Discover "establish[es] an electronically accessible verification site authorized by the holder of a set of pre-existing identification credentials," as claimed.  (*See* Paragraphs 14 and 15).

27.     Discover at least directs or controls merchants to "receiv[e] at a merchant location, via an electronic communication link, a request for goods from, or services by, a merchant using the identification credentials, but wherein the identification credentials are not required to be physically presented to the merchant," as claimed.  (*See* Paragraph 17).

28.     Discover at least directs or controls merchants to "access[] the verification site by the merchant, via an electronic communication link, to determine whether the request for goods or services is an authorized transaction," as claimed.  (*See* Paragraph 19).

29.     Discover "send[s] an electronic authorization communication from the verification site to the holder of the identification credentials, the communication including information indicative of the transaction," as claimed.  (*See* Paragraph 21).

30.     Discover at least directs or controls holders of identification credentials to "transmit[], by the holder of the identification credentials, an electronic approval communication if the transaction is approved by the holder of the identification credentials," as claimed.  (*See* Paragraph 23).

## COUNT III – INFRINGEMENT OF THE '848 PATENT

31.     Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

32.     Discover infringes one or more claims of the '848 patent, including at least claim 1, by performing a secure transaction method as part of its suspicious card activity alerts service.

33.     Discover "establish[es] an electronically accessible verification site authorized for a holder of pre-existing identification (ID) information," as claimed.  (*See* Paragraphs 14 and 15).

34.     Discover at least directs or controls merchants to "receiv[e] at a merchant location, via a first electronic network communication, a request for goods from, or services by, a merchant using the ID information, but wherein the ID information is not physically presented to the merchant," as claimed.  (*See* Paragraph 17).

35.     Discover at least directs or controls merchants to "access[] the verification site by the merchant, via a second electronic network communication, to determine whether the request for goods or services is an authorized transaction," as claimed.  (*See* Paragraph 19).

36.     Discover "send[s] an electronic authorization communication from the verification site to the holder of the ID information, via a third electronic communication, the communication including information indicative of the transaction," as claimed.  (*See* Paragraph 21).

37.     Discover at least directs or controls holders of pre-existing ID information to "transmit[], by the holder of the identification credential via a fourth electronic network communication, an approval communication if the transaction is approved by the holder of the identification credential," as claimed.  (*See* Paragraph 23).

DAMAGES

38.       Blackbird Technologies has sustained damages as a direct and proximate result of Discover's infringement of the '214, '832, and '848 patents.

39.       As a consequence of Discover's past infringement of the '214, '832, and '848 patents, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

40.       As a consequence of Discover's continued and future infringement of the '214, '832, and '848 patents, Blackbird Technologies is entitled to royalties for its infringement of the '214, '832, and '848 patents on a going-forward basis.

PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A.        Adjudging that Defendant has infringed the '214, '832, and '848 patents, in violation of 35 U.S.C. § 271(a);

B.        An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C.        Ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '214, '832, and '848 patents on a going-forward basis;

D.      Awarding that this case be exceptional under 35 U.S.C. § 285 and awarding costs, expenses, and attorneys' fees to Blackbird Technologies;

E.      Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

F.      Granting Blackbird Technologies such further relief as this Court deems just and proper under the circumstances.

<u>DEMAND FOR JURY TRIAL</u>

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

Dated:  December 18, 2019

OF COUNSEL

Wendy Verlander
wverlander@blackbird-tech.com
Jeffrey Ahdoot
jahdoot@blackbird-tech.com
Blackbird Tech LLC d/b/a
Blackbird Technologies
One Boston Place, Suite 2600
Boston, MA 02108
(617) 307-7100

STAMOULIS & WEINBLATT LLC

*/s/Stamatios Stamoulis*
Stamatios Stamoulis #4606
   stamoulis@swdelaw.com
Richard C. Weinblatt #5080
   weinblatt@swdelaw.com
800 N. West Street, 3rd Floor
Wilmington, DE 19801
(302) 999-1540

*Attorneys for Plaintiff*
*Blackbird Tech LLC*
*d/b/a Blackbird Technologies*